IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

DAUD A. HOLIDAY,

     Plaintiff,

v.                                                              Civil Action No. 1:14-cv-76
                                                                          (Judge Keeley)

UNITED STATES PENITENTIARY – HAZELTON et al.,

     Defendants.

**REPORT AND RECOMMENDATION**

I. Background

On April 28, 2014, Daud A. Holiday, the *pro se* plaintiff, who is a federal prisoner incarcerated at USP Hazelton, initiated this case by filing a Bivens action claiming various violations of his First and Eighth Amendment rights. (Dkt. No. 1 at 2-3). On May 21, 2014, the plaintiff filed his complaint on this court's court-approved form. (Dkt. No. 6). On July 25, 2014, the plaintiff was granted leave to proceed without prepayment of fees. (Dkt. No. 17). This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 2 and 28 U.S.C. §§ 1915A and 1915(e).

II. The Complaint

According to the plaintiff, he was designated to USP Hazelton on March 6, 2014. (Dkt. No. 1-1, p. 2). Fifty-one days later, he filed this complaint which raises numerous allegations regarding the conditions of his confinement at that institution. It would appear that within one week of his arrival, he was placed in the Special Housing Unit ("SHU") and remained there at least through the date the complaint was received by this court. The plaintiff alleges that he has

been denied the right to order stamps, newspapers, magazines and soap. He also alleges that he was denied 20 food trays, and instead, was given bag lunches and was given paper clothes to wear. He also alleges that he was slammed in the face while in handcuffs and has been subjected to verbal harassment in the form of racial slurs and prejudicial comments. Finally, it appears that he alleges that he has been denied dental and medical care and has suffered emotional distress as the result of his overall treatment while at USP Hazelton. For relief, he seeks compensatory damages.

## II. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

---

[1] Id. at 327.

III. Analysis

**A. United States Penitentiary Hazelton**

This action is being analyzed pursuant to <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). However, a <u>Bivens</u> cause of action cannot be brought against a federal agency. See <u>FDIC v. Meyer</u>, 510 U.S. 471, 486 (1994); <u>Steele v. Federal Bureau of Prisons</u>, 355 F. 3d 1204 (10th Cir. 2003). Accordingly, USP Hazelton is not a proper defendant and must be dismissed.

**B. Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as provided in § 1997(e)(a) is mandatory. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). A <u>Bivens</u> action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[2] and is required even when the relief sought is not available. <u>Booth</u>, at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted prior to filing a complaint in federal court. See <u>Porter</u>, at 524 (citing <u>Booth</u>, 532 U.S. at 741) (emphasis added).

Moreover, in <u>Woodford v. Ngo</u>, 548 U.S. 81, 84-85 (2006), the United States Supreme Court found that the PLRA's exhaustion requirement serves three main purposes: (1) to "eliminate unwarranted federal court interference with the administration of prisons"; (2) to "afford corrections officials time and opportunity to address complaints internally before

---

[2] <u>Id</u>.

allowing the initiation of a federal case"; and (3) to "reduce the quantity and improve the quality of prisoner suits." Therefore, "the PLRA exhaustion requirement requires full and proper exhaustion." Woodford, at 92-94 (emphasis added). Full and proper exhaustion includes meeting all the time and procedural requirements of the prison grievance system. Id. at 101-102.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). See 28 C.F.R. § 542.10, et seq. If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of the date the Regional Director signed the response.[3] An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

In Jones v. Bock, 549 U.S. 199 (2007), the United States Supreme Court ruled, among other things, that an inmate's failure to exhaust under the PLRA is an affirmative defense, and an inmate is not required to specifically plead or demonstrate exhaustion in his complaint. Nonetheless, pursuant to the Court's authority under 28 U.S.C. § 1915, it not foreclosed from dismissing a case *sua sponte* on exhaustion grounds, if the failure to exhaust is apparent from the

---

[3] "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received. Once filed, response shall be made by the Warden or CMM. within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days...If the time period for response to a Request or Appeal is insufficient to make an appropriate decision, the time for response may be extended once by 20 days at the institution level, 30 days at the regional level, or 20 days at the Central Office level. Staff shall inform the inmate of this extension in writing. Staff shall respond in writing to all filed Requests or Appeals. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

face of the complaint. *See* Anderson v. XYZ Prison Shealth Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

In the present case, Plaintiff makes various claims regarding violations of his First and Eighth Amendment Rights. These claims range from deliberate indifference to a medical issue because of tooth and mouth pain to not being allowed to have newspapers, magazines, or catalogs, and claims of excessive force to discrimination. (Dkt. No. 6 at 7-9). Plaintiff further claims to have exhausted all of his administrative remedies with no responses. (Id. at 5). However, in completing his complaint, the plaintiff notes that he did so by filing memorandums at Level 1 and Level 2, to which he received no response and simply notes that he did not receive a response at Level 3.

Attached to his original complaint are three "Memoranda" addressed either to Terry O'Brien or the Warden, USP Hazelton. The first Memorandum is dated March 24, 2014, and indicates his desire to order food from the commissary. (Dkt. No. 1-1, p. 1). The second Memorandum is dated March 26, 2014, and concerns his dental pain. The final Memorandum is dated April 2, 2014, and indicates he has been denied newspapers, magazines, catalogs, and religious items. It also indicates that he has been denied recreation for fourteen days and refers to his deep tooth pain and discriminatory actions by staff. These Memoranda are clearly not on the BOP grievance forms and do not meet the requirements of a BP-9. Moreover, it is clear that given the time constraints involved in the BOP administrative grievance process as set forth in footnote 3, the plaintiff could not have completed the administrative process between March 24, 2014, and April 23, 2014, the date he mailed his initial complaint.

The undersigned notes that the plaintiff did file one grievance on the BOP form. It is a Regional Administrative Appeal, dated April 17, 2014. In this grievance, the plaintiff indicates

that he has been in the SHU over a month and has been denied newspapers, magazines and catalogs. It also indicates that he has not been allowed to order stamps, and staff has refused him over 20 food trays, instead providing him with lunch bags. He also alleges incidents of excessive force and name calling. In conclusion, it indicates that he fears for his life because he has no water in his cell. There are exceptions to the requirement that an inmate initially file a grievance at the institution level. Particularly, 28 C.F.R. § 542.14(d)(1) provides:

> **Sensitive issues. If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "Sensitive" upon the Request and explain, in writing, the reason for not submitting the request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.**

Here, the petitioner did not mark "Sensitive" on the request, but instead, wrote "EMERGENCY forward to internal affairs." Moreover, the plaintiff did not explain, in writing, his reason for not submitting the request at the institution. Finally, because the grievance request was authored a mere week before the complaint was received by this court, it is clear that this remedy, even if accepted by the Regional Administrative Remedy Coordinator, could not have been exhausted at that level and then at Office of General Counsel.

Finally, the undersigned acknowledges that despite the fact that the Supreme Court has stated that it "will not read futility or other exceptions into statutory exhaustion requirements," Booth, 532 U.S. at 741, n.6, several courts have found that the mandatory exhaustion requirement may be excused in certain limited circumstances. See Ziemba v. Wezner, 366 F.3d 161, 163 (2d Cir. 2004) (defendant may be estopped from asserting exhaustion as a defense when defendant's actions render grievance procedure unavailable); Mitchell v. Horn, 318 F.3d

6

523, 529 (3d Cir. 2003) (summary dismissal for failure to exhaust not appropriate where prisoner was denied forms necessary to complete administrative exhaustion); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (remedy not available within meaning of § 1997e(a) when prison officials prevent a prisoner from utilizing such remedy); Aceves v. Swanson, 75 F. App'x 295, 296 (5th Cir. 2003) (remedies are effectively unavailable where prison officials refuse to give inmate grievance forms upon request). Indeed, the Fourth Circuit has held that "an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

Furthermore, a number of courts of appeals have held that prison officials' threats of violence can render administrative remedies unavailable. See, e.g., Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008); Kaba v. Stepp, 458 F.3d 678, 686 (7th Cir. 2006); Hemphill v. New York, 380 F.3d 680, 688 (2d Cir. 2004). But see Larkin v. Galloway, 266 F.3d 718, 723-24 (7th Cir. 2001) (failure to exhaust not excused because plaintiff was afraid of retaliation). For threats or intimidation to render administrative remedies unavailable, they must typically be substantial and serious enough that they would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies. See Turner, 541 F.3d at 1085; Kaba, 458 F.3d at 684-86; Hemphill, 380 F.3d at 688.

Here, the plaintiff has made no claim that prison officials prevented him from exhausting his administrative remedies. In addition, to the extent that the plaintiff alleges that he was attacked, harassed and discriminated against, thereby relieving him of the obligation to exhaust his administrative remedies[4], the undersigned finds that he has presented no claim that is

---

[4] (Dkt. No. 6-2). In effect, the plaintiff appears to be conceding that he did not exhaust his administrative remedies.

substantial and serious enough that would deter a similarly situated prisoner of ordinary fitness from pursuing administrative remedies. Rather, the plaintiff makes a mere conclusory statement without substantive facts.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** against USP Hazelton as an improper defendant and **DISMISSED WITHOUT PREJUDICE** against the Unknown Correctional Officer and Terry O'Brien for failure to exhaust administrative remedies.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the pro se plaintiff by certified mail, return receipt requested, his last known address as shown on the docket sheet.

DATED: 10-9-2014

_/s/ Robert W. Trumble_
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE