IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAUD ABDULLAH HOLIDAY,**

    **Plaintiff,**

                                      **CIVIL ACTION NO. 1:14cv76**
                                          **(Judge Keeley)**

**v.**

**USP HAZELTON,
UNKNOWN CORRECTIONAL OFFICERS,
STAFF, and
WARDEN TERRY O'BRIEN,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22]

On April 28, 2014, the pro se petitioner, Daud Abdullah Holiday ("Holiday"), filed a Bivens action against the defendants, which the Court referred to United States Magistrate Judge Robert W. Trumble for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.[1]

On October 9, 2014, Magistrate Judge Trumble issued his R&R, which recommended that the Court dismiss with prejudice Holiday's claims against USP Hazelton as an improper defendant in a Bivens action (dkt. no. 22 at 8). The R&R also recommended dismissing without prejudice Holiday's claims against the remaining defendants

---

[1] Notably, Holiday's instant complaint is essentially the same complaint he later filed on February 9, 2015, in 1:15cv22. The Court also assigned that case to Magistrate Trumble for initial screening and a Report and Recommendation. Magistrate Trumble recommended that action be dismissed without prejudice for, among other things, failure to exhaust administrative remedies, to which Holiday made no objections. The Court subsequently adopted the R&R in its entirety. See 1:15CV22, Dkt. No. 22.

based on Holiday's failure to exhaust his administrative remedies. Id.

The R&R also specifically warned Holiday that his failure to object to the recommendations would result in the waiver of any appellate rights he might otherwise have on these issues. Id. On October 17, 2014, Holiday filed a "Response to Recommendation and or Notice of Appeal" (dkt. no. 24). While not formally titled as objections, the Court construes this filing as such.

Holiday's objections primarily reiterate the same factual claims contained in his original complaint, or provide only conclusory claims that the R&R is mistaken.[2] Indeed, the statements in Holiday's objections "failed to refer to any specific error of the magistrate's review," and were instead "general and conclusory, and thus do not warrant de novo review by the District Court." McPherson v. Astrue, 605 F.Supp.2d 744 (S.D.W.Va. 2009) (citing

---

[2]Specifically, Holiday states that Jones v. Bock, 549 U.S. 199 (2007), should control the failure to exhaust portion of the R&R, and that all the cases cited by Magistrate Judge Trumble were decided prior to Jones. This assertion presents two problems. First, the R&R does cite Jones to the extent that it helps Holiday. Second, Holiday does not provide any "specific error" in the use of the other cases, or the reasoning that Judge Trumble gleaned from them. Thus, they do not support de novo review. In addition, Holiday simply reiterates some factual claims about what has happened to him while incarcerated, how he has been unable to get the relief he wants, and how he has been unable to exhaust his administrative remedies. As these were all raised in his complaint, and addressed in the R&R, they also do not warrant de novo review.

Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009) ("[G]eneral and conclusory objection to magistrate judge's recommendation that summary judgment be granted to commissioner of the Division of Corrections and warden on prisoner's § 1983 claims against them did not warrant de novo review of the issues raised by prisoner . . . .").

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial screening by the magistrate judge. McPherson, 605 F. Supp. at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997). Further, failing to file a specific objection waives the claimants right to a de novo review. Id. (citing Howard's Yellow Cabs, Inc., 987 F. Supp. at 474).

Because Holiday's objections do contain one exception to the foregoing rules, on that specific objection the Court must conduct a de novo review. Nevertheless, as to the portions of the R&R to which Holiday has not specifically objected, finding no clear error, the Court **ADOPTS** those portions of the R&R.

**Portion of R&R Specifically Objected to by Holiday**

In his R&R, Magistrate Judge Trumble found that Holiday had failed to exhaust his administrative remedies. More specifically, he found that Holiday initially had not filed a proper grievance at

3

the institutional level as required, and that time constraints established that there was no way he could have exhausted his administrative remedies prior to filing suit. (Dkt. No. 22 at 5-6).

The R&R correctly noted that there are exceptions to the grievance filing requirement. In particular, 28 C.F.R. § 542.14(d)(1) provides as follows:

> Sensitive issues. If the inmate reasonably believes the issue is sensitive and the inmate's safety or well-being would be placed in danger if the Request became known at the institution, the inmate may submit the Request directly to the appropriate Regional Director. The inmate shall clearly mark "<u>Sensitive</u>" upon the Request and explain, in writing, the reason for not submitting the request at the institution. If the Regional Administrative Remedy Coordinator agrees that the Request is sensitive, the Request shall be accepted. Otherwise, the Request will not be accepted, and the inmate shall be advised in writing of that determination, without a return of the Request. The inmate may pursue the matter by submitting an Administrative Remedy Request locally to the Warden. The Warden shall allow a reasonable extension of time for such a resubmission.

(emphasis added).

Instead of "sensitive", however, Holiday wrote "EMERGENCY forward to internal affairs" on the top of the Regional Administrative Remedy Appeal form. (Dkt. No. 1-2 at 1). In his review, Magistrate Judge Trumble found that: (1) the failure to properly mark "Sensitive" was not in keeping with the requirements of the regulation; (2) Holiday had failed to provide any reason why he could not have submitted the request at the institution; and (3)

4

even had the Regional Administrative Remedy Coordinator accepted the remedy request, it was authored a mere week before Holiday filed his complaint with the Court; accordingly, it was "clear that this remedy, even if accepted by the Regional Administrative Remedy Coordinator, could not have been exhausted at that level and then at Office of General Counsel" [before Holiday filed suit]. (Dkt. No. 22 at 6).

### Holiday's Specific Objection

The only specific objection Holiday has made to this portion of the R&R is that the wording he used substantially complied with the labeling requirement of the "sensitive issue" regulation, thereby allowing him to forego filing the initial grievance with the institution. Specifically, Holiday claims that "Emergency means: sudden state of danger" and is the functional equivalent of "sensitive." Dkt. No. 24 at 1 (quoting "Oxford dictionary"). Thus, he argues that Magistrate Judge Trumble's finding that Holiday had not complied with 28 C.F.R. § 542.14(d)(1), and had failed to exhaust his administrative remedies, was mistaken.

### DISCUSSION

The Bureau of Prisons ("BOP") provides a four-step administrative process once an inmate files a grievance. The first step is informal resolution with prison staff, known as a "BP-8." See 28 C.F.R. § 542.10, et seq. If unsuccessful at the informal

process, the inmate must submit a written complaint, known as a "BP-9," to the warden of the institution, within twenty (20) calendar days from the date of the occurrence on which the complaint is based. If unsatisfied with the warden's response, the inmate may file an appeal, known as a "BP-10," with the Regional Director of the BOP within twenty (20) days of the warden's response. Finally, if all these efforts fail, the inmate may file an appeal to the Office of General Counsel, known as a "BP-11," within thirty (30) days of the date of the Regional Director's signed response. An inmate is not deemed to have exhausted his administrative remedies until after he has pursued his complaint at all four levels.[3] 28 C.F.R.§ 542.10-542.15; see also Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

Under the Prison Litigation Reform Act ("PLRA"), prisoners who bring federal law claims, including Bivens actions such as this one, are required to exhaust all available administrative remedies. See 42 U.S.C. § 1997(e)(a); Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Thus federal prisoners suing under Bivens . . . must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983

---

[3] "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

suit."). Exhaustion thus is mandatory and required prior to filing a complaint in federal court. See Booth v. Churner, 532 U.S. 731, 741 (2001); Porter, 534 U.S. at 524.

In Jones v. Bock, the United States Supreme Court held that prisoners need not specifically plead or show exhaustion; rather, it is an affirmative defense. 549 U.S. 199 (2007). Nevertheless, a court may dismiss a suit sua sponte under the authority granted in 28 U.S.C. § 1915 whenever the failure to exhaust is apparent on the face of the complaint. See Anderson v. XYZ Prison Shealth Services, 407 F.3d 674, 681-82 (4th Cir. 2005).

Here, Holiday's filings clearly establish that he failed to exhaust his administrative remedies prior to filing his lawsuit. Although his original complaint had three "Memoranda" attached, none was on the proper BOP grievance form, and none complied with the requirements of a BP-9 filing.[4] Accordingly, the Court concludes that Holiday did not properly complete the BP-9 process described earlier. Instead, on the one actual BOP grievance form he did submit, the BP-10 form, Holiday claims that he wrote wording that substantially complied with the sensitive issue regulation, thereby allowing him to skip the BP-9 filing process altogether.

---

[4]It should also be noted that each of his individual memoranda lodged different complaints and requested different relief. Accordingly, they could not possibly be construed as the same grievance brought at levels 1, 2, and 3. See Dkt. No. 6 at 5.

The Court, however, need not address whether the writing by Holiday on top of the form was sufficient to satisfy the regulation and alleviate his initial filing requirements because, in either event, he failed to exhaust.

Two undisputed facts doom Holiday's claim. First, he has presented no evidence, nor has he made any claim, that he went beyond the BP-10 filing. Although he filed the BP-10 on April 17, 2014, nowhere do his filings include any response from the BOP. Nor has he provided any evidence or claim that he proceeded to file a BP-11, because his BP-10 either was denied outright or had never been answered.[5] Thus, Holiday's failure to exhaust is apparent on the face of the complaint.

Second, even if the Court were to look past Holiday's insufficient pleadings regarding exhaustion, the timing would not allow for exhaustion to have occurred. Holiday filed the BP-10 on April 17, 2014, and he filed his suit on April 28, 2014--a mere 11 days later.[6] As noted earlier, although a failure of the BOP to respond to a grievance may be deemed a denial, it is apparent that

---

[5] Nor has Holiday ever provided any subsequently filed grievance forms or responses by way of supplemental filing, even though he had to resubmit his complaint on the court approved form on May 1, 2014 and made other attachments to that form.

[6] Interestingly, a review of Holiday's original complaint drafted in pencil has a date of April 5, 2014, twelve days prior to filing his BP-10. (Dkt. No. 1 at 6).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22]**

Holiday failed to wait the thirty days allowed for a response by the Regional Director before assuming a denial by silence.

Moreover, even if the BOP had provided a written denial of the BP-10 that Holiday simply failed to include in his filings, and he filed a proper BP-11, which he again simply failed to include, it was not feasible that this could have been accomplished in the eleven days between when he filed the BP-10 and this action. Finally, in the attachment to his court approved Bivens form (dkt. no. 6), citing Jones to support his assertion that he does not have to comply with the grievance process, Holiday concedes that he has not exhausted his administrative remedies.[7]

### CONCLUSION

For the reasons discussed, the Court:

- **ADOPTS** the R&R (dkt. no. 22);

- **OVERRULES** Holiday's objections;

- **DISMISSES WITH PREJUDICE** the claims against USP Hazelton as an improper defendant; and

- **DISMISSES WITHOUT PREJUDICE** the claims against the remaining defendants for failure to exhaust administrative remedies.

---

[7]The Court need not address any claims that Jones allows Holiday to skip the entire grievance process, as this was addressed in the R&R and not specifically objected to by Holiday other than to reiterate his initial factual claims.

**HOLIDAY V. UNITED STATES 1:14CV76**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22]**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the pro se petitioner, certified mail, return receipt requested. The Clerk is further directed to enter a separate judgment order and to remove this case from its active docket.

Dated: December 17, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

10

